PER CURIAM.

ROBERT LEE HACKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 23, 1973.*

WARD, WARD, CASTENDYCK, MURRAY AND PACE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

HOLDERMAN, J.

Complaint was filed in this cause by one Robert Lee Hacker who alleges that on January 2, 1969, he was a patient under the care, control and supervision of the Singer Zone Center located in Rockford, Illinois, which is a center established for the treatment of alcoholics.

Claimant alleges that at approximately 2:00 p.m. on the date in question, he was in the Singer Zone Center gymnasium for the purpose of rehabilitative exercise and that he was present as a result of the instruction of an employee of the center.

Claimant, a man of 43 years of age, had been at the Singer Zone Center for approximately two weeks. This is a voluntary treatment center and a participant is free to leave at any time he so desires.

On the afternoon in question, he went to the gymnasium and found the door was locked. It was opened by an attendant and he and another individual went into the gymnasium.

Claimant was not wearing gymn shoes when he went in but selected a pair in the gymnasium, which he states were too large and did not fit him. According to his testimony, he played paddle ball with two other patients for approximately 45 minutes, all of this being done without any attendant or director being present to either instruct or to offer counseling services.

Paddle ball, according to the evidence, is a very strenuous game and one that requires a great deal of physical stamina.

Claimant alleges that at this time and place and while participating in the game, he suffered a fall on the gymnasium floor which resulted in a fracture of the bone in his right elbow.

The Complaint alleges that the claimant was required to be present for said gymnastic exercises and further alleges that the State was negligent for the following reasons:

A.   Directed plaintiff to participate in strenuous physical exercise with knowledge or reckless disregard of the fact that plaintiff at the time was under medication which rendered plaintiff groggy and unstable.

B.   Directed plaintiff to participate in strenuous physical exercise without first determining whether plaintiff was at that time under medication which would render plaintiff groggy and unstable.

C.   Failed to supervise the fitting of shoes and failed to maintain an adequate stock of rubber soled footwear available in the gymnasium for use by the patients so that plaintiff was required to wear an improperly fit pair of shoes.

D.   Failed to provide any control of supervision whatsoever for the plaintiff while plaintiff was in the gymnasium.

E.   Otherwise was careless and negligent in the care, control and supervision of the plaintiff.

The facts show that claimant was given medication upon his admission to the center in the form of vitamins and Librium pills. He took these latter pills three times a day, the first prescription was for 25 grains a day, and the second dosage was changed to 10 grains of Librium four times a day.

The evidence discloses that on January 2, 1969, claimant was in the gymnasium immediately after lunch, which was the first time he had been in the gymnasium for approximately two weeks. He had taken his last Librium pill at 12:30.

The undisputed evidence shows that there was not an employee of the State present at the time of the accident but that one Karen Hatfield, an employee of the

State, had unlocked the gymnasium for the use by claimant and two other men. This was done contrary to the rules of the institution because there was no physical education therapist present while the three men were using it.

Claimant stated that he normally wears a size 8 shoe but on the day in question, due to the fact that he was unable to find a size 8 shoe, he was using a size 9 or 9½.

Claimant also alleges that he had never played paddle ball before. He was playing paddle ball when he slipped and fell, fracturing his right elbow.

Claimant alleges that he felt groggy as a result of medication he was taking and was unsteady on his feet.

The claimant and respondent introduced conflicting evidence as to the effect of the drug Librium upon the human system.

This Court must decide whether or not the State was guilty of negligence as charged and also as to whether or not there was any contributory negligence on the part of claimant.

A thorough review of the evidence discloses that the claimant was under no duress or compulsion to play paddle ball nor was he under any duress to wear the shoes that did not fit him.

The Court would like to point out that the claimant was an adult and was in a position to decide for himself if it was unwise for him to play paddle ball and he was also free at all times to question the amount of Librium that he was taking.

It is the opinion of this Court that claimant has not proven himself free from contributory negligence in

donning the shoes that he wore at the time of the accident and to play under the conditions that he did.

It is further quite evident that he tripped or stumbled over his own feet and that, while the State may have been somewhat negligent in not having an attendant present at all times, we do not believe it is the main or contributing cause to the accident in question.

The mere presence of an attendant would not have prevented the fall which occasioned the injury.

The undisputed facts are that all of the acts in which the claimant participated were voluntary acts on his part and were not done under the direction of or occasioned by any member of the staff of the institution.

Claimant having failed to establish his case by a preponderance of the evidence, said cause is hereby dismissed.